UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CRYSTAL YVONNE PHILLIPS,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration,<br><br>Defendant. | CASE NO. 2:16-CV-01612-RSL-DWC<br><br>REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT<br><br>Noting Date: June 9, 2017 |

The District Court has referred this action, filed pursuant to 42 U.S.C § 405(g), to United States Magistrate Judge David W. Christel. Plaintiff seeks judicial review of the Defendant's denial of the Plaintiff's application for Supplemental Security Income ("SSI") benefits.

After reviewing the record, the Court concludes the Administrative Law Judge ("ALJ") erred by failing to properly evaluate Plaintiff's migraine headaches at Step Two of the sequential evaluation. Therefore, the undersigned recommends the entry of an order, pursuant to sentence four of 42 U.S.C. § 405(g), reversing the ALJ's decision and remanding for further proceedings.

## PROCEDURAL & FACTUAL HISTORY

On June 14, 2013, Plaintiff filed an application for SSI. *See* Dkt. 13, Administrative Record ("AR") 152-58. Plaintiff alleges she became disabled on May 1, 2005, due to depression, posttraumatic stress disorder ("PTSD") and carpal tunnel syndrome. *See* AR 152, 173. Plaintiff's application was denied upon initial administrative review and on reconsideration. *See* AR 62, 71. A hearing was held before an ALJ on April 20, 2015, at which Plaintiff, represented by counsel, appeared and testified. *See* AR 30.

On May 26, 2015, the ALJ found Plaintiff was not disabled within the meaning of Section 1614(a)(3)(A) of the Social Security Act. AR 24. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on September 13, 2016, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). *See* AR 1, 20 C.F.R. § 404.981, § 416.1481. On October 14, 2016, Plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision.

Plaintiff argues the denial of benefits should be reversed and remanded for further proceedings, because the ALJ failed to properly evaluate her carpal tunnel syndrome and migraine headaches at Step Two of the Sequential Evaluation, and erroneously found Plaintiff was capable of performing her past relevant work and other work in the national economy. Dkt. 15, p. 1.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits only if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is

more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (*quoting Davis v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)).

## **DISCUSSION**

I. Whether the ALJ Erred by Failing to Consider Plaintiff's Carpal Tunnel Syndrome and Migraine Headaches to be Severe Impairments at Step Two of the Sequential Evaluation.

**A. Standard**

At Step Two of the sequential evaluation, the ALJ must determine if a claimant has a "severe medically determinable physical or mental impairment." 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (2015) . *See also Smolen v. Chater*, 80 F.3d 1273, 1289-90 (9th Cir. 1996) (internal citation omitted). Impairments must result "from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 416.908 (2010). A medically determinable impairment is considered "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities . . . ." 20 C.F.R. §§ 404.1520(a)(4)(iii) & (c), 416.920(a)(4)(iii) & (c); *see also* SSR 96-3p, 1996 WL 374181 *1. Basic work activities are those "abilities and aptitudes necessary to do most jobs," including, for example, "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling; capacities for seeing, hearing and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting." 20 C.F.R. § 404.1521(b), § 416.921(b); SSR 85- 28, 1985 WL 56856 *3.

The Step Two inquiry, however, is merely a threshold determination as to whether a claimant has raised a "prima facie case of a disability." *Hoopai v. Astrue*, 499 F.3d 1071, 1076

(9th Cir. 2007). *See also Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (noting the Step Two determination is a *de minimis* screening device used to dispose of groundless claims). "Ample authority cautions against a determination of nondisability at step two." *Ortiz v. Commissioner of Social Sec.*, 425 Fed.Appx. 653, 655 (9th Cir. 2011) (*citing Bowen v. Yuckert*, 482 U.S. 137, 153 (1987); *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005), *Smolen*, 80 F.3d at 1290. An impairment or combination of impairments may be found "not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Smolen*, 80 F.3d at 1290.

**B.  Application of Standard**

Here, the ALJ found Plaintiff had the severe impairments of PTSD, attention deficit hyperactivity disorder, methamphetamine abuse in remission, personality disorder with dependent features, major depressive disorder, and obesity. AR 14. However, the ALJ also found Plaintiff's carpal tunnel syndrome was not a medically determinable impairment, and the ALJ found Plaintiff's migraine headaches, though medically determinable, were not severe impairments. AR 14-15. Plaintiff argues the ALJ's findings were legally erroneous, and unsupported by substantial evidence in the record.

1.  *Carpal Tunnel Syndrome*

The ALJ found Plaintiff's carpal tunnel syndrome was not a medically determinable impairment, as the medical record contained no objective signs of carpal tunnel syndrome or a diagnosis of carpal tunnel from an acceptable medical source. AR 15. "[Social Security Ruling ("SSR")] 96–6p provides that a medical opinion offered in support of an impairment must include 'symptoms [and a] *diagnosis*.'" *Ukolov v. Barnhart*, 420 F.3d 1002, 1005-06 (9th Cir. 2005) (citing SSR 96-6P, *available at* 1996 WL 374180, at \*1) (emphasis added). Notably, the

medical record before the ALJ makes no mention of any issues with Plaintiff's hands, nor did the medical record contain a diagnosis of carpal tunnel syndrome or any associated work-related limitations. The paucity of evidence for carpal tunnel syndrome in the medical record is sufficient to conclude the ALJ did not err in considering Plaintiff's carpal tunnel syndrome. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164-65 (9th Cir. 2008) (holding ALJ did not err by finding claimant's carpal tunnel syndrome to be not severe, when only medical evidence addressing such impairment was one physician letter and notes from one office visit which both predate the disability onset date).

Further, the additional medical records Plaintiff submitted to the Appeals Council do not undermine the ALJ's conclusion. AR 2, 5, 352-446.[1] These medical records include office visits and treatment notes for Plaintiff's carpal tunnel syndrome, including subjective reports of pain and tingling in her fourth and fifth fingers, a diagnosis of wrist pain by Sharon S. Kerlin, ARNP, and physical therapy records from Ken Eastham, MOTR/L, NDT. AR 353-54, 442-46. However, neither provider includes a diagnosis of carpal tunnel; instead, Nurse Kerlin diagnosed Plaintiff with "wrist pain". AR 353-54. Further, neither Nurse Kerlan nor Mr. Eastham are considered acceptable medical sources under the regulations in existence at the time of the ALJ's decision. 20 C.F.R. § 416.913(d) (2016).[2] Thus, neither Nurse Kerlin nor Mr. Eastham's diagnoses can

---

[1] A Court may consider new evidence which was presented for the first time to the Appeals Council when evaluating whether or not "in light of the record as a whole, the ALJ's decision was supported by substantial evidence and was free of legal error." *Taylor v. Comm'r, Soc. Sec. Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011). "[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." *Brewes v. Comm'r, Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012).

[2] For claims filed after March 27, 2017, the definition of "acceptable medical source" has been broadened to include ARNPs. *See* 20 C.F.R. §§ 416.902, 416.920c

satisfy the requirement that a medically determinable impairment be diagnosed by an acceptable medical source. 20 C.F.R. § 416.913(a) (2016).

Because neither the medical record before the ALJ nor the additional medical evidence submitted to the Appeals Council is sufficient evidence to establish the existence of carpal tunnel syndrome, the ALJ did not err by finding Plaintiff's carpal tunnel syndrome was a medically determinable impairment.

2. *Migraine Headaches*

The ALJ found Plaintiff had the medically determinable impairment of migraine headaches. AR 15. However, the ALJ also found Plaintiff's migraines were well-controlled with propanolol. *Id.* For example, in October, 2014, Plaintiff reported experiencing two-to-six hour long migraines two-to-three times per week. AR 336. But, by February, 25, 2015—two months prior to the ALJ hearing—Plaintiff reported only having two migraines the entire month. AR 295. The ALJ also noted Plaintiff reported to her physician that she "[d]oes not want to try any other therapy" for her migraines. AR 295. Thus, the ALJ reasoned Plaintiff's migraines did not have more than a minimal effect on Plaintiff's ability to do basic work related activities, and were therefore not severe. AR 14-15.

Significantly, the ALJ omitted the fact Plaintiff's two migraine headaches each lasted thirty-six hours in duration, which was consistent with her testimony at the hearing. AR, 47 (testifying her migraines can last between 24 to 48 hours), 295 (reporting her migraines in February, 2015 lasted 36 hours). Impairments which can be controlled effectively with medication "are not disabling for the purpose of determining eligibility for SSI benefits," *Warre v. Comm'r Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). *See also Alexander v. Comm'r Soc. Sec. Admin.*, 373 Fed.Appx. 741, 744 (9th Cir. 2010) (applying *Warre* at Step Two of the

sequential evaluation). However, the question is not whether medication can cause improvements in a claimant's symptoms, but whether an impairment can be "controlled *effectively*" through medication. *Warre*, 439 F.3d 1006 (emphasis added).

Here, even with the most effective medication Plaintiff had attempted, Plaintiff experienced two sustained migraines in one month, each lasting for a day and a half. AR 295. This represents seventy-two hours per month where Plaintiff's migraines could interfere with her ability to engage in sustained work activity. *See* AR 48 (Plaintiff's testimony that during a migraine she would be unable to sustain work activity, even with medication). *See also* AR 381 (documenting a five-day long migraine in 2007 which was nonresponsive to imitrex, zomig, relpax, midrin, and neurotonin). Thus, Plaintiff offered sufficient evidence to overcome the *de minimis* burden at Step Two, and the ALJ's finding that Plaintiff's migraines were effectively controlled with medication was unsupported by substantial evidence in the record. *See Smolen*, 80 F.3d at 1290; *Bakewell v. Comm'r, Soc. Sec. Admin.*, 360 Fed.Appx. 945 (9th Cir. 2010) (holding an ALJ's conclusion a claimant's migraines were not severe was unsupported by substantial evidence, as "[t]he record indicates without contradiction that Bakewell's migraines incapacitated her for several days and that her persistent symptoms were not controlled effectively with medication.")

Further, the error in the ALJ's evaluation of Plaintiff's migraine headaches was not harmless. An error is harmless if "there remains substantial evidence supporting the ALJ's decision and the error does not negate the validity of the ALJ's ultimate conclusion." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*quoting Batson v. Comm'r of Soc. Sec. Admin*, 359 F.3d 1190, 1197 (9th Cir. 2004)). Thus, if a claimant prevails at Step Two and the ALJ considers all impairments—regardless of severity—in the subsequent steps, an ALJ's failure to consider an

impairment "severe" is harmless. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). *See also Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007), *Garcia v. Commissioner of Soc. Sec.*, 587 Fed.Appx. 367, 370 (9th Cir. 2014). Plaintiff prevailed at Step Two. AR 14. Therefore, the critical question is whether the ALJ actually considered the various conditions and associated limitations in the remaining steps of the sequential evaluation.

The ALJ did discuss Plaintiff's migraine headaches again when evaluating her subjective symptom testimony, but largely discounted Plaintiff's report of significant, long lasting migraines because "it does not appear that she was reporting symptoms of this duration to treatment providers." AR 18. This conclusion is inconsistent with the medical records discussed above, as Plaintiff reported experiencing two thirty-six hour long migraines while on medications in February, 2015. AR 295. Further, the ALJ's residual functional capacity finding does not appear to address any limitations which could arise out of Plaintiff's migraines, such as light sensitivity or an inability to engage in sustained work activity during the course of a migraine. AR 15-16. *See Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012) (noting an ALJ's failure to consider a claimant's panic disorder severe led to a residual functional capacity finding that "was incomplete, flawed, and not supported by substantial evidence in the record."). Thus, the ALJ's failure to consider Plaintiff's migraines to be a severe impairment at Step Two was not inconsequential to the ultimate nondisability determination, and the ALJ's error at Step Two requires remand for further proceedings. *Molina*, 674 F.3d at 1117.

II. <u>Whether the ALJ Erred by Finding Plaintiff was Capable of Performing Her Past Relevant Work, or Other Work Existing in Significant Numbers in the National Economy.</u>

Plaintiff also argues the ALJ erred in finding Plaintiff was capable of performing her past relevant work, and in finding Plaintiff was capable of performing other jobs existing in

significant numbers in the national economy. However, in light of the ALJ's error at Step Two, the ALJ will necessarily need to reconsider these findings on remand.

   III.   Whether the Case Should be Remanded for an Award of Benefits.

Plaintiff argues the case should be remanded for an award of benefits, rather than for further proceedings.

Generally, when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has established a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (*quoting Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). This test, often referred to as the "credit-as-true" rule, is appropriate when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman,* 211 F.3d at 1178 (*quoting Smolen*, 80 F.3d at 1292). *See also Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014), *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396 (9th Cir. 1988). Nonetheless, an ALJ's errors are relevant only to the extent they impact the underlying question of Plaintiff's disability. *Strauss v. Commissioner of the Social Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011). "A claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be." *Id.* (citing *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 357 (7th Cir. 2005)). Therefore, even if the credit-as-true conditions are satisfied, a court should

nonetheless remand the case if "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (citing *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2004)).

Here, outstanding issues must be resolved. Plaintiff contends her migraine headaches led to impairments in her ability to: understand, carry out, and remember simple instructions; respond appropriately to supervision, coworkers, and usual work situations; to deal with changes in a routine work setting; and attend work punctually or at all. Dkt. 15, p. 7. However, Plaintiff points to no medical opinion evidence in the record to support these specific limitations, and makes no argument as to the degree to which Plaintiff may be limited in these areas. Further, Plaintiff notes the Vocational Expert testified an individual who was absent from work for two days per month would not be able to maintain substantial gainful employment. AR 59. However, the record before the Court does not unambiguously reflect Plaintiff's migraines would cause two days of absenteeism per month. Thus, remand is required so that the ALJ and Plaintiff may further develop the record and resolve these outstanding questions.

## **CONCLUSION**

Based on the above stated reasons and the relevant record, the undersigned recommends this matter be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Report and Recommendation. Judgment should be for Plaintiff and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

imposed by Rule 72(b), the clerk is directed to set the matter for consideration on June 9, 2017, as noted in the caption.

Dated this 22nd day of May, 2017.

David W. Christel
United States Magistrate Judge